UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                        Case No. 3:24-cr-199

           Plaintiff,

    v.                                         MEMORANDUM OPINION
                                               AND ORDER

Billy Joe Fulks,

           Defendant.

## I. INTRODUCTION

Defendant Billy Joe Fulks has been charged by indictment with one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 1). Fulks now seeks to compel the government to disclose certain recorded statements he allegedly made. (Doc. No. 29). The government filed a brief in opposition to the motion, (Doc. No. 32), and Fulks filed a brief in reply. (Doc. No. 34). For the reasons stated below, I deny Fulks's motion.

## II. DISCUSSION

Fulks seeks to compel the production of recorded statements he allegedly made while speaking with individuals who were incarcerated in correctional facilities in Michigan. FBI Special Agent Kyle Fulmer referenced these statements in the affidavit he submitted in support of a request for a search warrant of Fulks's residence. (*See* Doc. No. 23-1 at 10-11) (filed under seal). Fulmer

was investigating suspected fentanyl trafficking in the Toledo, Ohio area. During his investigation, Fulmer learned from FBI special agents stationed in Detroit, Michigan that they were investigating Fulks's alleged involvement in large scale narcotics trafficking in the Detroit area. (*Id.*). The Detroit agents indicated that much of the information they gathered came from recorded conversations between Fulks and associates in prison. (*Id.* at 11).

Fulks seeks production of these recorded statements pursuant to Rule 16(a)(1)(B), which requires the government to disclose "any relevant written or recorded statement by the defendant" that government counsel knows about, and which is within the government's possession or control. Fed. R. Crim. P. 16(a)(1)(B)(i). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401.

I conclude the recorded statements obtained by the Detroit FBI agents are not relevant to the charges in this case and the government is not required to disclose them. While it is difficult to see why any reference was made to the unrelated Detroit investigation in the search warrant affidavit, those assertions do not make it any more or less probable that Fulks committed the offenses with which he has been charged in this court.

Fulks appears to agree the statements are not relevant to the charges against him. (Doc. No. 29 at 3; Doc. No. 34 at 1, 3). Fulks instead contends the statements are relevant because "the Court is aware of the allegations . . . [and the] allegations will inevitably cloud any sentencing which the Court may conduct in this matter." (Doc. No. 29 at 3). (*See also* Doc. No. 34 at 4) ("allegations of kilogram-level drug dealing by defendant are highly inflammatory and cannot be wished away with the government's suggested remedy that the Court do its best to ignore it").

Fulks's arguments are not persuasive, as they fly in the face of hundreds of years of judicial practice. There is a reason for "the well-established presumption that [a] judge [will] adhere[] to

basic rules of procedure" and ignore "inadmissible evidence . . . when making decisions." *Harris v. Rivera*, 454 U.S. 339, 346-47 (1981) (per curiam). Judges are bound by oath to follow these routine practices and to safeguard a criminal defendant's constitutional rights. Fulks has not offered any basis to support his assertion that I am unable or unwilling to follow that oath in his case.

Moreover, allegations in a search warrant arguably carry less prejudicial potential than information stricken from a presentence investigation report ("PSR") pursuant to a defense objection, as that event occurs much more closely in time to the imposition of a sentence. A judge is bound not to consider irrelevant information in those circumstances just as in these.

I conclude Fulks has not met his burden to show the government is required to produce the recorded statements pursuant to Rule 16(a)(1)(B)(i).

### III. CONCLUSION

For the reasons set forth above, I deny Fulks's motion to compel. (Doc. No. 29).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge